### UNITED STATES DISTRICT COURT
### WESTERN DISTRICT OF TEXAS
### AUSTIN DIVISION

| | | |
|---|---|---|
| BROADCAST MUSIC, INC.; COTTILLION INC.; TERRY STAFFORD MUSIC CO.; SONY/ATV SONGS LLC d/b/a SONY/ATV ACUFF ROSE MUSIC; O-TEX MUSIC; BOCEPHUS MUSIC, INC.; STEVE WARINER MUSIC; BLACKENED MUSIC; UNIVERSAL-MILLHOUSE MUSIC, a division OF MAGNA SOUND CORP.; UNIVERSAL MUSIC-Z TUNES LLC d/b/a UNIVERSAL MUSIC Z SONGS; SIC PIG SONGS, LTD.; WARNER-TAMERLANE PUBLISHING CORP.; and MAD MOTHER  MUSIC | ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | Civil Action No.:   1:18-cv-103 |
| v. | ) ) | |
| DANCE ACROSS TEXAS II, INC. d/b/a DANCE ACROSS TEXAS; and ROSEMARY FOLLIS, individually, | ) ) ) ) | |
| Defendants. | ) | |

### Complaint for Copyright Infringement

Plaintiffs complain against Defendants as follows:

### *Introduction*

1.      The authors of musical compositions often grant the right to license the public

performance of those musical compositions to third-parties such as Plaintiff Broadcast Music, Inc.

("BMI").  In this case, Plaintiff BMI has been granted the right to license the public performance

rights in approximately 12 million copyrighted musical compositions (the "BMI repertoire").

Defendants operate a bar at which copyrighted musical compositions, including compositions

contained in the BMI repertoire, are publicly performed without the permission of BMI or the authors of those musical compositions.  Thus, Defendants have infringed and continue to infringe the copyrights on musical compositions contained in the BMI repertoire.

### Jurisdiction and Venue

2.      This is a suit for copyright infringement under the United States Copyright Act of 1976, as amended, 17 U.S.C. §§ 101 *et seq.* (the "Copyright Act").

3.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

4.      Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 and 1400(a).

5.      Plaintiff BMI is a corporation organized and existing under the laws of the State of Delaware.  BMI's principal place of business is 7 World Trade Center, 250 Greenwich Street, New York, New York.

6.      The Plaintiffs other than BMI are the owners of the copyrights in the musical compositions that are the subject of this lawsuit.  All Plaintiffs are joined pursuant to Federal Rules of Civil Procedure 17(a) and 19(a).  BMI has been granted the right to license the public performance rights to the musical compositions in the BMI Repertoire, including the right to license the public performance rights to the musical compilations that BMI alleges Defendants infringed in this case.

7.      Plaintiff Cotillion Music, Inc. is a corporation.  This plaintiff is a copyright owner of at least one of the songs in this matter.

8.      Plaintiff Terry Stafford Music Co. is a sole proprietorship owned by Nancy Hall Stafford.  This plaintiff is a copyright owner of at least one of the songs in this matter.

9.      Plaintiff Sony/ATV Songs LLC is a limited liability company doing business as Sony/ATV Acuff Rose Music.  This plaintiff is a copyright owner of at least one of the songs in this matter.

10.     Plaintiff O-Tex Music is a partnership owned by Eugene Ervine Woolsey, also known as Erv Woolsey, and Constance Woolsey, also known as Connie Woolsey.  This plaintiff is a copyright owner of at least one of the songs in this matter.

11.     Plaintiff Bocephus Music, Inc. is a corporation.  This plaintiff is a copyright owner of at least one of the songs in this matter.

12.     Plaintiff Steve Wariner Music is a sole proprietorship owned by Steve Wariner.  This plaintiff is a copyright owner of at least one of the songs in this matter.

13.     Plaintiff Blackened Music is a sole proprietorship owned by Clint Black.  This plaintiff is a copyright owner of at least one of the songs in this matter.

14.     Plaintiff Universal – Millhouse Music is, a division of Magna Sound Corp. which is a corporation.  This plaintiff is a copyright owner of at least one of the songs in this matter.

15.     Plaintiff Universal Music-Z Tunes LLC is a limited liability company doing business as Universal Music Z Songs.  This plaintiff is a copyright owner of at least one of the songs in this matter.

16.     Plaintiff Sic Pig Songs, Ltd. is a limited company.  This plaintiff is a copyright owner of at least one of the songs in this matter.

17.     Plaintiff Warner-Tamerlane Publishing Corp. is a corporation.  This plaintiff is a copyright owner of at least one of the songs in this matter.

18.     Plaintiff Mad Mother Music is a sole proprietorship owned by Obed Wayne Kirkpatrick.  This plaintiff is a copyright owner of at least one of the songs in this matter.

19.     Defendant Dance Across Texas II, Inc. is a corporation organized and existing under the laws of the State of Texas.  Defendant Dance Across Texas II, Inc. operates, maintains, and controls an establishment known as Dance Across Texas, located at 2201 E. Ben White Blvd., Austin, Texas (the "Establishment").

20.     In connection with the operation of the Establishment, defendant Dance Across Texas II, Inc. publicly performs musical compositions and causes musical compositions to be publicly performed.

21.     Upon information and belief, defendant Dance Across Texas II, Inc. has a direct financial interest in the Establishment.

22.     Defendant Rosemary Follis is a Director and Chief Executive of defendant Dance Across Texas II, Inc.  Defendant Rosemary Follis is responsible for operating and managing the Establishment.

23.     Defendant Rosemary Follis has the right and ability to supervise the activities of defendant Dance Across Texas II, Inc.  Defendant Rosemary Follis has a direct financial interest in Dance Across Texas II, Inc. and the Establishment.

*Claims of Copyright Infringement*

24.     Plaintiffs repeat and reallege each of the allegations contained in paragraphs 1 through 23.

25.     Since November 2015, BMI has attempted to contact Defendants by telephone, mail, and e-mail over 100 times.  In those communications, BMI described to Defendants their obligations

under the Copyright Act.  Specifically, BMI informed Defendants that they needed to purchase a license in order to publicly perform musical compositions in the BMI Repertoire.  BMI included cease-and-desist notices in the correspondence, formally notifying Defendants that they must immediately stop all use of BMI-licensed music at the Establishment.

26.     Plaintiffs allege seven claims of willful copyright infringement based upon Defendants' unauthorized public performance of musical compositions from the BMI Repertoire. All of the claims for copyright infringement joined in this Complaint are governed by the same legal rules and involve similar facts.  Joinder of these claims will promote the convenient administration of justice and will avoid a multiplicity of separate, similar actions against Defendants.

27.     A schedule identifying some of the many musical compositions whose copyrights were infringed by Defendants is attached to this Complaint as Exhibit A (the "Schedule") and is incorporated herein.  The Schedule contains information on the seven claims of copyright infringement at issue in this action.  Each numbered claim has the following eight lines of information (all references to "Lines" are lines on the Schedule): Line 1 providing the claim number; Line 2 listing the title of the musical composition related to that claim; Line 3 identifying the writer(s) of the musical composition; Line 4 identifying the publisher(s) of the musical composition and the plaintiff(s) in this action pursuing the claim at issue; Line 5 providing the date on which the copyright registration was issued for the musical composition; Line 6 indicating the copyright registration number(s) for the musical composition; Line 7 showing the date(s) of infringement; and Line 8 identifying the Establishment where the infringement occurred.

28.     For each work identified on the Schedule, the person(s) named on Line 3 was the creator of that musical composition.

29.    For each work identified on the Schedule, on or about the date(s) indicated on Line 5, the publisher(s) named on Line 4 (including any predecessors in interest), complied in all respects with the requirements of the Copyright Act and received from the Register of Copyrights Certificates of Registration bearing the number(s) listed on Line 6.

30.    For each work identified on the Schedule, on the date(s) listed on Line 7, Plaintiff BMI was (and still is) the licensor of the public performance rights in the musical composition identified on Line 2.  For each work identified on the Schedule, on the date(s) listed on Line 7, the Plaintiff(s) listed on Line 4 was (and still is) the owner of the copyright in the respective musical composition listed on Line 2.

31.    For each work identified on the Schedule, on the date(s) listed on Line 7, Defendants publicly performed and/or caused to be publicly performed at the Establishment the musical composition identified on Line 2 without a license or permission to do so.  Thus, Defendants have committed copyright infringement.

32.    The specific acts of copyright infringement alleged in the Complaint, as well as Defendants' entire course of conduct, have caused and are causing Plaintiffs great and incalculable damage.  By continuing to provide unauthorized public performances of works in the BMI Repertoire at the Establishment, Defendants threaten to continue committing copyright infringement. Unless this Court restrains Defendants from committing further acts of copyright infringement, Plaintiffs will suffer irreparable injury for which they have no adequate remedy at law.

WHEREFORE, Plaintiffs pray that:

(a)    the Court enter judgment against Defendants, finding that Defendants willfully infringed valid copyrights to the musical compositions described in the Schedule;

6

(b)      the Court enter an order permanently enjoining Defendants, their agents, servants, employees, and all persons acting under their permission and authority, from infringing, in any manner, the copyrighted musical compositions licensed by BMI, pursuant to 17 U.S.C. § 502;

(c)      the Court order Defendants to pay statutory damages per claim of infringement, pursuant to 17 U.S.C. § 504(c);

(d)      the Court order Defendants to pay costs, including a reasonable attorneys' fees, pursuant to 17 U.S.C. § 505; and

(e)      the Court grant Plaintiffs other and further relief as is just and equitable.


Dated: February 5, 2018                                Respectfully Submitted,


                                                          */Arthur Gollwitzer III/*
                                                         Arthur Gollwitzer III
                                                           Texas Bar No. 24073336
                                                         Michael Best & Friedrich LLP
                                                         2801 Via Fortuna, Suite 300
                                                         Austin, TX 78746
                                                         Tel: (512) 640-3161
                                                         agollwitzer@michaelbest.com

                                                         ***Attorneys for Plaintiffs***

031823-9016\22611131.1